**AMERICAN INTERNATIONAL SURPLUS LINES INSURANCE COMPANY; et al., Plaintiffs,**

**and**

**Insurance Company of the State of Pennsylvania, Plaintiff-counter-defendant—Appellee,**

**v.**

**CITY OF SAN DIEGO, Defendant-counter-claimant—Appellant.**

No. 04–55294.

D.C. No. CV–02–00693–WQH/RBB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Jan. 19, 2005.

---

Geni K. Krogstad, Esq., McCormick Barstow Sheppard Wayte & Carruth, LLP, Fresno, CA, for Plaintiff–Counter–Defendant–Appellee.

Bruce W. Lorber, Kristine L. Wilkes, Esq., Latham & Watkins, LLP, San Diego, CA, for Defendant–Counter–Claimant–Appellant.

Before REINHARDT, BEEZER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

■ The City of San Diego ("City") appeals the district court's denial of its motion for partial summary judgment and motion for reconsideration on its counterclaims against the Insurance Company of Pennsylvania ("ISOP"). The City seeks declaratory relief that ISOP has a duty to defend it in ongoing state litigation under two comprehensive general liability policies for the periods 1991–1994 and 1997–2001. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and we reverse.[1]

"The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Montrose Chem. Corp. v.Super. Court,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993). The insurance policies ISOP issued cover claims against the City for personal injury, property damage, and, under the 1991–1994 policy, negligent inverse condemnation. The face of the complaint in the underlying case of *Border Business Park v. City of San Diego* provides no basis for coverage

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Please see the accompanying Order filed today in companion case 04–70645 regarding the City of San Diego's petition for a writ of mandamus.

under the personal injury or property damages clauses of the insurance policies.

The complaint itself alleges that "the City permitted the diversion of heavy truck traffic bound for the Otay Mesa border crossing to the roads used for access to Plaintiff's property, thereby making ingress and egress to the Plaintiff's property difficult or impossible." However, California Civil Code Section 3482 states explicitly that "[n]othing which is done or maintained under the express authority of a statute can be deemed a nuisance." Under California law, "nuisances arising from the construction, operation and maintenance of streets and highways [are] within the protection of section 3482." *Friends of H Street v. City of Sacramento*, 20 Cal. App.4th 152, 162, 24 Cal.Rptr.2d 607 (1993). The face of De La Fuente's complaint does not allege that the traffic diversion was done without statutory authority or that it was outside the City's authority to conduct construction on the streets and highways, and thus would not provide the basis for a nuisance claim.

Similarly, although De La Fuente—owner of the Business Park—alleges in his second amended complaint that the City inversely condemned his property through its "failure to act in a reasonable manner relating to its dealings with Plaintiff's business," the complaint does not explicitly allege negligent inverse condemnation, which would be covered under the 1991–1994 policy.

Nevertheless, "[f]acts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." *See Montrose*, 24 Cal.Rptr.2d 467, 861 P.2d at 1157. ISOP agreed to defend the City under a reservation of rights after it received and reviewed approximately 3700 pages of trial transcripts from the underlying case. The trial record thus constitutes part of the body of "facts known to the insurer" in this case. *Id.* at 1158.

De La Fuente argued at trial that beginning in mid–1994, the City of San Diego caused congestion, noise, dust, trespasses to his property and property damage by rerouting truck traffic bound for the Otay Mesa border crossing to the roads bordering his property. He asserted that trucks jumped curbs, hit signs, and created dirt roads through the park in efforts to escape the congestion. De La Fuente further argued that hit-and-run accidents occurred as a result of the trucks driving through the Park. He claimed that the City's traffic diversion was an "unapproved traffic control device," used "in violation of a community plan and a vested contract." The insurance policies cover these claims for property damage and personal injury, which the policies define as an injury resulting from the "invasion of the right of private occupancy."

"Once a prima facie showing is made that [an] underlying action [falls] within coverage provisions, an insurer may defeat a motion for summary judgment [on the duty to defend] only by producing undisputed extrinsic evidence conclusively eliminating the potential for coverage under the policy." *Anthem Elecs., Inc. v. Pac. Emplrs. Ins. Co.*, 302 F.3d 1049, 1060 (9th Cir.2002) (internal citations and quotations omitted). ISOP has not demonstrated that there is no possibility of coverage under the two insurance policies held by the City. It therefore has a duty to defend under both the 1991–1994 and 1997–2001 insurance policies.

■ ISOP argues that even if it did have a duty to defend, 1) it was prejudiced by receiving late notice of the City's potential liability and 2) the limits of its policies have been reached.

To prove that prejudice resulted from an untimely notification, the insurer must

demonstrate a "substantial likelihood" that its ability to settle or reduce the judgment was affected. *See Nat'l Am. Ins. Co. v. Certain Underwriters at Lloyd's London,* 93 F.3d 529, 538 (9th Cir.1996). Here, ISOP was notified of the City's potential liability in October 2000, before trial commenced. It has not demonstrated that it was unable to settle or reduce the resulting judgment. The California and Ninth Circuit authorities cited by ISOP are cases in which notice was first given *after* trial. *See Select Ins. Co. v. Superior Court,* 226 Cal.App.3d 631, 637, 276 Cal.Rptr. 598 (1990); *Sequoia Ins. Co. v. Royal Ins. Co. of America,* 971 F.2d 1385, 1393 (9th Cir. 1992). Thus, ISOP has not shown that notice was untimely.

Whether the limits of the two insurance policies or the excess liability policy have been reached is a question not adjudicated in the district court. We therefore decline to reach it here.

REVERSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts